```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**SCOTT RICHARD NESTOR and**
**CELINA DAWN SANSONE,**

      **Plaintiffs,**

    **v.**                            **Civil Action No. 1:20-CV-217**
                                                  **(Judge Kleeh)**

**KRISTEN D. ANTOLINI,**
**ANNE M. ARMSTRONG,**
**CARRIE POIER, and**
**STEVEN L. SHAFFER,**

      **Defendants.**

```
              ORDER ADOPTING OMNIBUS REPORT
              AND RECOMMENDATION [DKT. NO. 43]
```

On September 3, 2020, the pro se Plaintiffs filed a Complaint alleging a cause of action under 42 U.S.C. § 1983 arising from a West Virginia state judicial proceeding that involves a juvenile abuse and neglect petition against Plaintiffs Scott Richard Nestor and Celina Dawn Sansone ("Plaintiffs") [Dkt. No. 1].  Each Defendant filed a Motion to Dismiss for Failure to State a Claim [Dkt. Nos. 24, 25, 26, and 27].  Plaintiffs filed a response [Dkt. No. 36], and Defendants Antolini, Poier, and Shaffer filed replies in support of their motions [Dkt. Nos. 38, 39, and 40].  Plaintiffs filed a "Second Response" [Dkt. No. 41], and Defendant Antolini filed a Motion to Strike Plaintiffs' Second Response [Dkt. No. 42].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court

**Nestor v. Antolini, et al.**                                          **1:20-CV-217**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION [DKT. NO. 43]**

referred the action to United States Magistrate Judge Michael J. Aloi for initial review.  On May 19, 2021, the Magistrate Judge entered an Omnibus Report and Recommendation ("R&R") [Dkt. No. 43], recommending that the Court grant the Motions to Dismiss [Dkt. Nos. 24, 25, 26, and 27] and deny the Motion to Strike [Dkt. No. 42].  On June 10, 2021, Plaintiffs filed a "Reply to Memorandum, Opposing Counsel's Motion to Dismiss and Plaintiff's [sic] Motion for Reconsideration" [Dkt. No. 45] which was docketed as an objection to the R&R.  Plaintiffs also filed a pro se Motion to Amend the Complaint to Add Additional Constitutional Violations [Dkt. No. 46].  Responses in Opposition were filed to Plaintiffs' Motion to Amend [Dkt. Nos. 47, 48, 49, and 50].

The R&R informed the parties of their right to file specific written objections to the Magistrate Judge's report and recommendation. Specifically, the Magistrate Judge gave the parties fourteen (14) calendar days "from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 43 at 45-46].  The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit

Court of Appeals" [Id. at 46]. The docket reflects that the R&R was sent to the Plaintiffs by certified mail, return receipt requested, and was received by Plaintiffs on May 21, 2021 [Dkt. No. 44]. Plaintiffs' objections were received more than fourteen (14) days after the R&R was filed.

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Failure to timely object within the appropriate time period shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). While no party objected within fourteen (14) days of the filing of the R&R, and the Court is under no obligation to conduct a de novo

review, the Court will conduct a review nonetheless.

The Magistrate Judge determined that any allegations predating the two-year statute of limitations should be dismissed by the Court as time-barred [Dkt. No. 43 at 26]. The R&R also found that Plaintiffs' claims against Antolini, Armstrong, and Poier are subject to qualified immunity because each of these Defendants were performing discretionary functions as officials authorized by the state when the violations alleged by Plaintiffs occurred, and should be dismissed for failure to state a claim [Id. at 26-31]. It further found that Plaintiffs' claims against Defendant Armstrong are barred due to absolute prosecutorial immunity, and that Defendant Antolini benefits from immunity under the doctrines of quasi-judicial immunity, prosecutorial immunity, and litigation privilege [Id. at 31-33, 33-39]. The Magistrate Judge concluded that Defendant Shaffer, as a Circuit Court judge, is protected from suit by absolute judicial immunity and Plaintiffs' claims against him cannot proceed [Id. at 40-41]. Finally, the Magistrate Judge determined that Defendant Poier is entitled to statutory immunity for actions pursuant to her official duties as a caseworker for the West Virginia Department of Health and Human Resources ("WV DHHR") [Id. at 41-43]. In support of the recommendations, the Magistrate Judge accurately summarizes the case and the applicable law.

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION [DKT. NO. 43]**

Plaintiffs filed a ten-page, single-spaced document reiterating many of the allegations in the Complaint while requesting that the dismissal recommended by the Magistrate Judge be reconsidered [Dkt. No. 45]. Plaintiffs assert that the Rooker-Feldman doctrine does not apply because the state court order which serves as the basis for the Complaint is interlocutory in nature[1] [Dkt. No. 45 at 1-2]. Plaintiffs also argue that Defendants are not entitled to judicial immunity, statutory immunity, or qualified immunity [Dkt. No. 3-10]. However, in the body of the document, the objections are not briefed in manner that is specific to the R&R and its findings [Id.]. Rather, the document is duplicative of Complaint allegations and restates general claims of conspiracy and discrimination against Defendants that are purported to have occurred during the abuse and neglect proceeding involving Plaintiffs and their children [Id.].

The Court finds that Plaintiffs' objections fall short of the specificity requirement in that the primary argument against the R&R is that Magistrate Judge Aloi is simply wrong and that

---

[1] The Magistrate Judge concluded that the jurisdictional doctrine known as Rooker-Feldman bars a party from seeking what is in substance federal appellate review of a state judgment, and that the Court lacks subject matter jurisdiction to "void" a state court decision [Dkt. No. 43 at 17-24]. However, the Magistrate Judge determined the Court may exercise subject matter jurisdiction over Section 1983 claims seeking monetary and injunctive relief to the extent that they were not raised in state court [Id.].

**Nestor v. Antolini, et al.**                                       **1:20-CV-217**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION [DKT. NO. 43]**

Plaintiffs and their family and children deserve protection from "invasive court proceedings that lacked merit or reason" [Dkt. No. 45 at 9-10]. Plaintiffs' general grievances and repeated conclusory allegations do not merit a de novo review. Plaintiff's objections, while lengthy, are grievances regarding the Magistrate Judge's conclusions, and none preserve a claim for review by this Court.

The objections are nonspecific, are devoid of any reference to specific findings or recommendations, and are unsupported by appropriate legal authority. Therefore, because Plaintiffs' objections are conclusory and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of an order dismissing the Complaint or entering a 12(b)(6) dismissal, the Court is under no obligation to conduct a de novo review as to any objection to the R&R. Accordingly, the Court reviewed the R&R for clear error and found none.

Upon careful review, and finding no clear error, the Court **ADOPTS** the Omnibus R&R [Dkt. No. 43]. The Motions to Dismiss are **GRANTED** [Dkt. Nos. 24, 25, 26, and 27], and the Motion to Strike [Dkt. No. 42] is **DENIED**. The Complaint [Dkt. No. 1] is **DISMISSED WITH PREJUDICE** as to all Defendants.

The Motion for Leave to Proceed in Forma Pauperis [Dkt. No.

**Nestor v. Antolini, et al.** 1:20-CV-217

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION [DKT. NO. 43]**

6] is **DENIED AS MOOT**. The Motion to Amend the Complaint [Dkt. No. 46] is **DENIED**. The Clerk is further **DIRECTED** to **STRIKE this matter from the Court's active docket.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiffs via certified mail, return receipt requested.

**DATED:** September 22, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE